UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Gary R. Boue
535 St. Ann Street
New Orleans, LA 70116
                    Plaintiff,

vs.

Ashton B. Carter, Secretary,
U.S. Department of Defense

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:16-cv-01489
Assigned To : Sullivan, Emmet G.
Assign. Date : 7/19/2016
Description: Employ. Discrim.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

### COMPLAINT FOR DAMAGES

---

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Gary R. Boue (hereinafter referred to as "Plaintiff" or "Boue"), a person of full age and majority and domiciled in Germany, and respectfully represents:

1. The jurisdiction of this court is invoked under Title VII of the Civil Rights Act, as codified, 42 U.S.C. Sections 2000e – 2000e-17 (race, color, gender, religion, and national origin) and Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. Sections 621 – 634.

2. Made Defendant herein is ASHTON B. CARTER, SECRETARY, U.S. DEPARTMENT OF DEFENSE (hereinafter referred to as "Defendant" or "Department of Defense"), a Federal Agency responsible for the oversight and management of the Department of Defense Education Activity (DoDEA), who is responsible for the oversight and management of the Department of Defense Dependents Schools (DoDDS) and the

1

Department of Defense Domestic Dependent Elementary and Secondary Schools(DDESS).

## TITLE VII CLAIMS

3. On or about September 24, 2008, Plaintiff filed a formal complaint of discrimination against the Department of Defense Dependents Schools – Europe (hereinafter referred to as "DODDS-E") after he applied and was denied promotion to the following two (2) positions: (1) Instructional Systems Specialist Foreign Languages, (hereinafter referred to as ISS-FL) Vacancy Announcement ( VA) No. 08DR0016EACS307423A; and (2) Health Education Teacher (Distance Learning), (hereinafter referred to as HET-DL) Vacancy Announcement (VA) No. DLC-08-01. Plaintiff was denied promotion to the position of ISS-FL, VA No. 08DR0016EACS307423A, because he is a middle-aged Hispanic male.   Plaintiff was denied promotion to the position of HET-DL, VA No. DLC-08-01, because he is a middle-aged Hispanic male.

## COUNT I

### Instructional Systems Specialist (Foreign Languages)

### Vacancy Announcement No. 08DR0016EACS307423A

4. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 3 herein.

5. In June, 2008, Plaintiff applied for the position of ISS-FL, VA No. 08DR0016EACS307423A, (hereinafter referred to as "ISS FL") position in Wiesbaden, Germany.   DODDS-E is staffed with 45 employees - 32 females and 13 males.   There were 16 applicants for the ISS FL – 12 female and 4 male.   In both instances, male applicants are considered a "protected class".

6. Ms. Laurel Eisinger supervises twenty-one (21) females and six (6) males. None of whom were of Hispanic origin.

7. The two separate panels selected to evaluate the ISS-FL candidates were dissimilar and resulted in inconsistent evaluations and ratings.    The first group of candidates for the ISS FL position, which did not include Plaintiff, was rated by foreign language professionals; however, the second group of candidates, which included Plaintiff, were rated by colleagues (i.e., an early childhood specialist and her retired husband) convenient to Ms. Laurel Eisinger only minutes before the rating deadline.

8. Plaintiff was treated differently because his application was evaluated by two (2) raters while the other candidates were evaluated by three (3).    Dr. David Markewitz recused himself from evaluating Plaintiff and Ms Eisinger, because of time constraints, failed to provide Plaintiff with a third rater to ensure equality.    Ms. Eisinger declared that the panel met; however, Dr. Markewitz confirmed that the selection panel never met to review, rate, and discuss the candidates.    Dr. Markewitz acknowledged that he did not make a recommendation.    At all pertinent times, Ms. Eisinger, a middle-aged Caucasian female, had complete control over the rating and selection process.

9. In addition to receiving one less rater, Plaintiff was rated excessively low by Ms. Eisinger.    Using the same rubric, Ms. Eisinger rated Plaintiff 15/30; while, Mr. Toquero rated Plaintiff 22/30.    This score 22 is the exact same rating that the two other female candidates received, who were supposed to be interviewed but were not. Among all other candidate ratings, there was only a 1 to 3 point difference between Ms. Eisinger and Mr. Toquero.    Plaintiff asserts that Ms. Eisinger rated him seven (7) points lower to ensure that Ms. Tracy Knick, a Caucasian female, would be awarded the

position of ISS FL.

10. Plaintiff is certified in five languages: German, Spanish, French, Japanese, and ESL; however, Ms. Eisinger only credited Plaintiff as being certified in Spanish and French. Plaintiff was the only candidate certified in five (5) languages and to have a PhD; however, his rating by Ms. Eisinger was the lowest. The experience, education, training, and awards of Plaintiff outweighed those of Ms. Knick. The ISS-FL position was awarded to Ms. Knick, a Caucasian female, certified only in French.

11. Ms. Eisinger acknowledged that she did not confer with anyone before she completed her April 6, 2009 Declaration Under Penalty of Perjury; however, the responses of Ms. Eisinger and Mr. Reynaldo Toquero to Questions 23 and 29, regarding why they chose Ms. Knick, are verbatim and are evidence an effort to conceal the discrimination against Plaintiff.

12. The DODEA- Standard Operating Procedure (SOP) mandates that: Competitive Internal Applicants must be ranked against the specific job related KSAs established for the position. Ten or fewer competitive applicants will be ranked using modified candidate evaluation procedures and determined best qualified if their application reflects an acceptable level of possession of the required KSA. <u>When there are more than 10 competitive applicants, their experience, education, training, and awards will be rated in accordance with the established crediting plan.</u>

13. Ms. Eisinger acknowledged that she was not familiar with the DoDEA's SOP regarding Merit Promotion Announcements and did not implement it. However, Ms. Eisinger was familiar with the DoDEA's SOP regarding Merit Promotion Announcements insofar as a Formal Complaint of Discrimination was made against her and DoDEA on August

21, 2006 (two years before Plaintiff's complaint) alleging that Ms. Eisinger failed to follow DoDEA's SOP regarding Merit Promotion Announcements.

14. There were 16 applicants for the position of ISS-FL – 12 female and 4 male. Ms. Eisinger and Mr. Toquero both acknowledged that resumes were not rated; however, Mr. Harvey Gerry acknowledged that resumes were considered in the selection of Ms. Knick. The SOP for Merit Based Promotions established by DODEA were ignored by Ms. Eisinger to ensure that Plaintiff would not be selected for an interview and Ms. Knick, a Caucasian female, would be awarded the position of ISS FL.

15. As of June 12, 2008, Ms. Knick was deemed "not qualified" for the ISS FL position; however, she was permitted to submit additional information in support of her application and she was rated by Ms. Eisinger four days later on June 16, 2008 and Mr. Toquero on June 18, 2008. The Report of Investigation, however, is void of any evidence "re-qualifying" Ms. Knick for the ISS-FL position. Ms. Eisinger and the panel afforded Ms. Knick special treatment to ensure that she would become the next ISS-FL. Plaintiff was not afforded the same opportunities.

16. There were 16 applicants for the position of ISS-FL– 12 female applicants and 4 male applicants. No males were selected for an interview. Of the 12 females, 3 qualified for an interview; however, only 2 were selected for interview. The third candidate that was not selected for an interview had the exact same rating as the second female interviewed. In further investigation, Plaintiff discovered that no one other than Tracy Knick was ever interviewed even after Ms. Eisinger and Harvey Gerry both declared that interviews were conducted. Plaintiff contacted both of the other candidates by email and both confirmed that they were never interviewed for the

ISS-FL position.    In addition, Ms. Gina Ashton confirmed that Ms. Eisinger had told the former ISS-FL, Ms. Peggy Mohr, that she had interviewed Ms. Ashton even though, in fact, she never did.

17. Plaintiff is a member of a protected class based on his age, sex and race (national origin).    Moreover, Plaintiff was subjected to an adverse employment action when he was not selected for any of the position of ISS-FL.    And, Plaintiff was treated less favorably than others outside of his protected class because the selectees, all of whom were not of the sex and national origin of Plaintiff, were offered an interview and ultimately hired while Plaintiff was not.

18. Defendant failed to articulate any legitimate, nondiscriminatory reasons for its actions to rebut the prima facie inference of discrimination; rather, Defendant has only offered the following unsubstantiated and conclusory statements in support of its decision: (1) "it hired the best qualified applicants for the positions"; "complainant was not one of the more qualified candidates"; and "DoDDS-Europe selected the best-qualified applicant for the position".    Moreover, on two separate occasions, Defendant declared that "Ms. Knick is certified by the National Board of Teaching Standards, a distinction only held by a small percentage of educators and NOT a distinction held by Complainant"; however, the distinction was not a required qualification of Vacancy Announcement No. 08DR0016EACS307423A.    Had this certification been a requirement, Defendant would have listed it.    Defendant has failed to adequately articulate legitimate, non-discriminatory reasons for the selection decision in order to rebut Plaintiff's prima facie case.

19. Defendant violated the DODEA's SOP when it failed to rate the sixteen (16) candidates

6

"experience, education, training, and awards."   And, Plaintiff was treated differently from the rest of the candidates because his application was only evaluated by two (2) raters while the other candidates were evaluated by three.

20. Plaintiff maintains that the hiring practices of DODDS-E and the failure to adhere to DODEA's SOP relative to merit promotions adversely impacted a minority (i.e., a middle-aged Hispanic male) and it has served as a pretext to mask discrimination based on sex.

## COUNT II

### Health Education Teacher (Distance Learning)

### Vacancy Announcement No. DLC-08-01

21. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 3 herein.

22. In April, 2008, the Plaintiff applied for the internal recruitment position of HET-DL, advertised in VA No. DLC-08-01-JH, in Wiesbaden, Germany.   DODEA's DL is staffed with 12 employees – 5 females and 7 males.   There were 6 applicants for the position of HET-DL – 4 females and 2 males.   At all pertinent times, Ms. Patricia Riley, a middle-aged Caucasian female, had total control over the rating and selection process.

23. Plaintiff was interviewed by two middle-aged Caucasian females – Ms. Patricia Riley and Ms. Barbara Weigand.   Plaintiff has a Masters in Public Health and Tropical Medicine from Tulane University, and he has taught Health for the last 8 years at Ramstein High School.   Moreover, Plaintiff is certified as a computer teacher and educational technologist by DODEA.   The experience, education, training, and awards of the Plaintiff exceeded the qualifications required for the position of Health Education

7

Teacher (Distance Learning), as advertised in VA No. DLC-08-01-JH; however, his credentials were deemed "not satisfactory".  The panel rated Plaintiff on qualifications that were not expressed in the vacancy announcement.

24. In June, 2008, the HET -DL position was re-advertised in VA No. DLC-08-04-JH.  Ms. Jaclyn Stockton-Sooy did not qualify for VA No. DLC-08-01-JH because she was not a DoDDS/DoDEA employee; however, VA No. DLC-08-04-JH permitted Ms. Stockton-Sooy an opportunity to qualify for the promotion because the announcement was open to all United States citizens.

25. It is has become common practice for DODDS-E to request internal candidates, obtain applications from qualified candidates, and then reject those candidate over a frivolous and unsubstantiated reason.  They DODDS-E moves to an external list where it hires pre-selected people.  See *Lori Kimble v. Ashton B. Carter, Secretary, United States Department of Defense, Defense Education Activity*, EEOC No. 570-2011-00656X, Agency No. EU-FY10-135.

26. Plaintiff was fully qualified as an internal candidate; however, he was passed over for someone who had not taught Health for twelve years and did not have a current stateside teaching certificate, which was part of the application requirement.

27. Unaware that the HET- DL position had been re-advertised due to no access to government computers in the summer, Plaintiff did not reapply for Vacancy Announcement No. DLC-08-04-JH.

28. Plaintiff is a member of a protected class based on his age, sex and race (national origin).  Moreover, Plaintiff was subjected to an adverse employment action when he was not selected for any of the positions at issue.  And, Plaintiff was treated less

8

favorably than others outside of his protected class because the selectees, all of whom were not of the sex and national origin of Plaintiff, were ultimately hired while the Plaintiff was not.

29. Defendant failed to articulate any legitimate, nondiscriminatory reasons for its actions and to rebut the prima facie inference of discrimination.   Defendant has only offered the following unsubstantiated and conclusory statements in support of its decision: (1) "it hired the best qualified applicants for the positions"; and "complainant was not one of the more qualified candidates".   Defendant failed to articulate legitimate, non-discriminatory reasons for the selection decision in order to rebut Plaintiff's prima facie case.

30. Plaintiff exceeded the qualifications required for the position of HET-DL, as advertised in VA No. DLC-08-01-JH; however, because they were ignored by the panel, Plaintiff was deemed "not qualified" by the panel and not selected for the promotion.   The panel rated Plaintiff on qualifications that were not expressed in the vacancy announcement. Defendant ultimately awarded the position to Ms. Stockton-Sooy, a middle-aged female Caucasian female, who taught home economics – a non related field – for the last 12 years.   According to the panel, Ms. Stockton-Sooy was selected for the promotion because she was generally concerned about the mental health of the military child and she had experience with Blackboard.

31. For all of the non-exclusive reasons above, Plaintiff asserts that the evidence clearly establishes a prima facie case of discrimination on the basis of sex with respect to the non-selection for the HET DL position.   The experience, education, training, and awards of Plaintiff exceeded the qualifications required for the position of HET-DL, as

advertised in VA No. DLC-08-01-JH; however, because they were ignored by the panel, Plaintiff was deemed "not qualified" by the panel and not selected for the promotion. The VA was revised to permit Ms. Stockton-Sooy, the wife of a former employee of Ms. Riley, an opportunity to qualify for the position.    Plaintiff was denied a promotion in favor of a candidate with less experience and an expired teaching certificate. Moreover, Plaintiff believes that the hiring practices of DODDS-E and the failure to follow the DODEA's SOP relative to merit promotions adversely impacted a minority (i.e., a middle-aged Hispanic male) and it has served as a pretext to mask discrimination based on sex.

32. Plaintiff asserts that the evidence clearly establishes a prima facie case of discrimination on the basis of age, sex, and race with respect to the two non-selections. Moreover, Plaintiff believes that the hiring practices of DODDS-E and the failure to follow the DODEA's SOP relative to merit-based promotions adversely impacted a minority (i.e., a middle-aged Hispanic male) and it has served as a pretext to mask discrimination based on age, sex, and race.

## COUNT III

### Reprisal Action

33. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 30 herein.

34. After Plaintiff filed his September 24, 2008 formal complaint of discrimination against the Department of Defense Dependents Schools – Europe, Defendant initiated a public retaliatory and reprisal action against Plaintiff.

35. In the Spring of 2009 there was an incident in Plaintiff's classroom where a male

student made an inappropriate remark about a female teacher.    Plaintiff was unaware this had happened until he was confronted later in the day by three female colleagues, two of whom were in the Foreign Language Department.    The incident quickly escalated but was not handled through normal procedures.    The building principal was excluded in the reporting of the incident which went straight to the Area Office and the Kaiserslautern District Superintendent.

36. Ms. Sue Gurley, Chief of Staff at the Area Office and a long term friend and colleague of Ms. Eisinger, and Matt Siarto from the Kaiserslautern District Office were sent by the Area Office to Ramstein High School to investigate the incident.    This investigation involved publicly embarrassing the Plaintiff by the way the interviews were conducted in a room just across from the teacher's work area during the school day.    Their presence was obvious and their reasons for being there were evident.

37. The results of the investigation were reported to the Kaiserslautern Superintendent and the meeting between the Superintendent and the Plaintiff resulted in a letter of reprimand for not managing the classroom environment in an acceptable manner. However, the circus like atmosphere of the investigation served to embarrass and harass Plaintiff for having filed the formal complaint of discrimination against the Department of Defense Dependents Schools – Europe.

38. The reprisal action involved the same agency as the one involved in the original complaint, filed on September 24, 2008, and it was filed shortly after Plaintiff filed his original complaint.    The reprisal action was filed in response to the original complaint filed by Plaintiff.    The reprisal action was frivolous and without merit and it was filed to harass, embarrass, and intimidate the Plaintiff.    The reprisal complaint caused

11

Plaintiff tremendous embarrassment and damage to his reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gary R. Boue, demands judgment against Defendant as follows:

A.  That the Court determine and declare that Defendant must pay the Plaintiff for the following damages:

(1) Promotion Opportunity and Back Pay and Interest.   Defendant shall place Plaintiff in the position he would have occupied absent the discrimination, or a substantially equivalent position if the original position no longer exists.   If the offer of employment is accepted, appointment shall be retroactive to the date the Plaintiff would have been hired.   Back pay, computed in the manner prescribed by 5 C.F.R. § 550.805, shall be awarded from the date the Plaintiff would have entered on duty until the date the Plaintiff actually enters on duty.   Interest on back pay shall be included in the back pay computation.   Plaintiff shall be deemed to have performed service for the Defendant during this period for all purposes except for meeting service requirements for completion of a required probationary or trial period.   If the offer of employment is declined, Defendant shall award Plaintiff a sum equal to the back pay he would have received, computed in the manner prescribed by 5 C.F.R. § 550.805, from the date he would have been appointed until the date the offer was declined.   Defendant shall inform Plaintiff, in its offer of employment, of the right to this award in the event the offer is declined.

(2) Non-Pecuniary Damages.   Defendant shall pay Plaintiff $95,000.00 in non-pecuniary compensatory damages.

12

(3) <u>Expungement of Disciplinary Proceeding and Letter of Reprimand.</u>   Void all files of any adverse personnel actions.

(4) <u>Attorney Fees and Costs.</u>   Defendant shall pay any and all reasonable attorney fees and costs incurred by Plaintiff since September 24, 2008.

(5) <u>Pre-Judgment/Post-Judgment Interest, Attorney Fees, Costs, Penalties, and Other Just Damages.</u>   Defendant shall pay all pre-judgment and post-judgment interest, attorneys' fees, costs, penalties and disbursements incurred by Plaintiff since September 24, 2008 under applicable law, together with such other and further relief as the Court may deem just and proper.

Date: July 19, 2016                              Respectfully submitted,

**Gary R. Boue**, *Pro Se Plaintiff*
535 St. Ann Street
New Orleans, Louisiana 70116
Telephone: (504) 346-8886
Telephone: 011-49-6753124557
Email: garyboue@yahoo.com

Alternate Address in Germany:
PSC 3 Box 1104
APO AE 09021
*Pro Se Plaintiff*

13